Valentine, J.:
I concur in the decision of this case, not because of any mere inadequacy of the consideration for the defendants’ written promise, but because of a total want of such consideration. The real consideration for the promise was not. the mere signature of the plaintiff, but it was the supposed transfer from the plaintiff to the defendants of the right and power to collect from the insurance company the amount of the insurance policy, of which the plaintiff was the expressed beneficiary. (See written instrument, signed by defendants, as copied in Kelley v. Caplice, 23 Kas. 474.) But the plaintiff had in fact no such right or power to transfer to the defendants or to confer upon them, and nothing passed from her to them. She had, long before that time, transferred all her interest in the insurance policy to the defendants, and had at that time nothing to give them. .Their right and. power at that time' to collect the amount of the insurance policy was ample and complete, without any signature or assignment or release from her. Hence their promise to her was wholly without consideration, or perhaps I might more properly say, wholly without any substantial consideration. It is true, the plaintiff attached her signature to the instrument supposed to transfer or release her interest in the policy to the defendants; but her signature was a mere incident to such supposed transfer or release. It was a mere incident to *375 the supposed consideration for which the defendants made their written promise, and was not the consideration itself. Therefore, the real consideration for the defendants’ promise having failed, no action can be maintained upon the promise; and the most that the plaintiff is entitled to recover, if she is entitled to recover anything, is a fair price for all the inconvenience and trouble that she has been put to in executing her signature to the instrument of supposed transfer or release; and this she may recover, not because of the defendants’ expressed written promise, but independent of such promise, and upon an implied contract or promise. When it is shown that the real consideration for which the defendants made their written promise has failed, she cannot then enforce the whole of such promise simply because of the existence of some incident connected with the consideration which has not failed.
Brewer, J., taking no part in the decision.